UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

IN RE:
KENNETH S. PEIRCE AND                                Chapter 7
MARGARET M. PEIRCE,                                  Case No. 11-15718-WCH
        DEBTORS.

**MEMORANDUM OF DECISION**

**I. INTRODUCTION**

The matters before the Court are the "Objection of Chapter 7 Trustee to Homestead Exemption of Debtors" (the "Objection to Homestead") filed by Donald R. Lassman (the "Trustee"), Chapter 7 trustee of the estate of Kenneth S. Peirce and Margaret M. Peirce (the "Debtors"), the "Response to the Chapter 7 Trustee's Objection to Debtors' Homestead Exemption" (the "Response") filed by the Debtors, the "Chapter 7 Trustee's Reply to Debtors' Response to Trustee's Objection to Homestead Exemption" (the "Trustee's Reply"), the "Debtors' Motion to Amend Schedule C" (the "Motion to Amend Schedule C"), "Debtors' Motion to Amend Schedule A" (the "Motion to Amend Schedule A"), and the "Objection of Chapter 7 Trustee to Debtors' Motions to Amend Schedules A and C" (the "Objection to Motions to Amend Schedules"). Through both objections, the Trustee seeks to limit the interest being exempted by the Debtors to a life estate interest in the Property, rather than the fee simple interest claimed in the Debtors' amended schedules. For the reasons set forth below, I will overrule the Objection to Homestead and sustain the Objection to Motions to Amend Schedules.

1

## II. <u>BACKGROUND</u>[1]

Prior to 2004, the Debtors owned real property (the "Property") located at 330 Huttleston Avenue, Fairhaven, Massachusetts. On December 28, 2004, the Debtors settled the Kenneth S. Peirce, Jr. and Margaret M. Peirce Revocable Trust (the "Trust"), naming themselves as settlors and trustees of the Trust and their children as beneficiaries.[2] On the same day, the Debtors executed an instrument (the "Deed") transferring an interest in the Property to the Trust. The Deed, in its entirety, states as follows:

> KNOWN ALL MEN BY THESE PRESENTS THAT WE, KENNETH S. PEIRCE, JR. AND MARGARET M. PEIRCE of 330 Huttleston Avenue, (formerly 544 Washington Avenue) Fairhaven, Bristol County, Massachusetts, for consideration paid, and in full consideration of One ($1.00) Dollar grant to the said KENNETH S. PEIRCE, JR. AND MARGARET M. PEIRCE REVOCABLE TRUST of 330 Huttleston Avenue, Fairhaven, Bristol County, Massachusetts, for and during the term of their lives, reserving the use, income and profits of said premises for and during their lifetimes with the right, power and authority to sell, mortgage and convey the whole or any part thereof in fee simple at any and all times to whomever and upon such terms and for such consideration, or for no consideration, ever for the purpose of terminating, as We, the said KENNETH S. PEIRCE, JR. AND MARGARET M. PEIRCE may deem proper in our sole discretion, and upon our death with remainder to the Trustee then in office under the KENNETH S. PEIRCE, JR. AND MARGARET M. PEIRCE REVOCABLE TRUST of even date and having a mailing address of 330 Huttleston Avenue, , [*sic*] (formerly 544 Washington Avenue) Fairhaven, Bristol County, Massachusetts with *QUITCLAIM COVENANTS* the land with any buildings thereon, in said Fairhaven, bounded and described as follows:
>
> | | |
> |---|---|
> | WEST | by land formerly of Henry Akin; |
> | NORTH | by land formerly of Henry Akin; |
> | EAST | by land now or formerly of Henry Bolls; and |
> | SOUTH | by the highway |
> | CONTAINING | 1 ½ acres more or less. |
>
> Reference for title is made to a deed from Esther A. Austin dated May 27, 1965 and recorded with the Bristol County Registry of Deeds (S.D.) in Book 1484,

---

[1] I take judicial notice of the docket in the present case, as well as those of related cases before this Court. *See Rodi v. Southern New England School of Law*, 389 F.3d 5, 17-19 (1st Cir. 2004) (citations omitted).

[2] Objection to Homestead, Docket No. 45, Exhibit C.

2

    Page 228. Said premises are conveyed subject to real estate taxes for the current fiscal year, which the Grantees, by acceptance of this deed, hereby assume and agree to pay.

    Witness our hands and seals this _[28th]_ day of _[December]_, 2004.

                                       */s Kenneth S. Peirce, Jr.*
                                       */s Margaret M. Peirce*[3]

On April 1, 2011, the Debtors executed a declaration of homestead (the "Homestead")[4] with respect to the Property pursuant to Mass. Gen. Laws ch. 188, § 2, which provides homestead protection for elderly or disabled persons.[5] The Homestead was signed by both Kenneth S. Peirce, Jr. and Margaret M. Peirce, however, there was no indication as to whether they were signing in their capacities as trustees of the Trust or as individuals. The Homestead was duly acknowledged and recorded in the Bristol County Registry of Deeds.

The Debtors then filed a Chapter 7 petition on June 15, 2011, listing their interest in the Trust on Schedule B – Personal Property ("Schedule B") as personal property valued at $240,000.[6] On Schedule B, the Debtors classified their interest in the Trust under the category "Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A – Real Property."[7] Notably, the Debtors did not list the Property on Schedule A, where any real property assets owned by the Debtors should have been included.[8] On Schedule C, the Debtors listed a homestead exemption for their interest in

---

[3] Objection to Homestead, Docket No. 45, Exhibit B.

[4] Response, Docket No. 53, Exhibit C.

[5] Mass. Gen. Laws ch. 188, § 2 (2010). While the Debtors specified Mass. Gen. Laws ch. 188, § 1A as the basis for their exemption on Schedule C, the Massachusetts Homesteads statute was substantially revised in 2010, and became effective on March 16, 2011. Accordingly, the Debtors actually executed their elderly homestead declaration pursuant to Mass. Gen. Laws ch. 188, § 2.

[6] Schedule B, Docket No. 12.

[7] *Id.*

[8] Schedule A, Docket No. 12.

the Property under the heading "Equitable or Future Interests, Life Estates, etc.", and described their exemption as follows, in part:

> The Corpus of the [Trust] consists primarily of [the Property] valued at $240,000, as well as non real estate property… The [Property's] value is approximately $240,000.00 for which the [D]ebtors have recorded an elderly Homestaed [*sic*] declaration… Because this a [*sic*] Revocable Trust, Debtors have an equitable interest and or future interest in the Trust.[9]

The Trustee filed his Objection to Homestead on December 12, 2011, on the grounds that the Deed had transferred the Property to the Trust and accordingly the Debtors had at most a life estate interest to exempt.[10]  On January 6, 2012, the Debtors responded by filing the Motion to Amend Schedule A, which added a fee simple interest in the Property to Schedule A, citing the following reason for the amendment:

> Though the [D]ebtors listed their interest in the [Property] as equitable interest holder in Schedule B, it has become apparent on a closer inspection of the Deed that the Debtors have a fee simple interest in the real estate.[11]

On the same day, the Debtors also filed the Response, alleging that the Objection to Homestead was unfounded because they owned the Property in fee simple.[12]  The Trustee filed the Reply on January 12, 2012.[13]  I held a hearing on the Objection to Homestead on January 13, 2012, and, at the conclusion of oral arguments, took the matter under advisement.  On January 23, 2012, the Debtors filed the "Debtors' Motion to Amend Schedule C", in which they sought to remove the

---

[9] Schedule C, Docket No. 12.

[10] Objection to Homestead, Docket No. 45.

[11] Motion to Amend Schedule A, Docket No. 52.  The Motion to Amend Schedule A was granted on January 9, 2012, as it is not my practice to hold such routine amendments for objection. In light of this case's procedural history, however, granting the motion at that time was improvident and the order granting the Motion to Amend Schedule A (Docket No. 54) will be vacated.

[12] Response, Docket No. 53.

[13] Trustee's Reply, Docket No. 56.

4

heading "Equitable or Future Interests, Life Estates, etc." from their claimed exemption in the Property.[14]

### III. POSITIONS OF THE PARTIES

<u>The Trustee</u>

The Trustee argues that the Debtors are trying to "pick and choose which manner of ownership will benefit them more in a given situation," because the Debtors' initial schedules reflected that the Property was owned by the Trust,[15] but after the Trustee filed the Objection to Homestead, the Debtors amended Schedules A and C and filed the Response to assert that they owned the Property in fee simple.[16] The Trustee argues that the Trust owns the Property, because the effect of the Deed was to transfer a fee simple interest to the Trust while reserving only a life estate interest for the Debtors.[17] Accordingly, to the extent the Debtors are attempting to exempt a fee simple interest in the Property, the Trustee argues that they cannot do so because they do not hold such an interest.[18]

To the extent the Debtors seek to exempt their life estate interest in the Property, the Trustee argues the Homestead did not comply with the formalities required by Mass. Gen. Laws ch. 188, § 5, and accordingly, was invalidly executed.[19] The Trustee argues that pursuant to Mass. Gen. Laws ch. 188, § 5, a homestead declaration for property owned in trust may only be

---

[14] Motion to Amend Schedule C, Docket No. 59.

[15] Schedules B and C, Docket No. 12.

[16] Trustee's Reply, Docket No. 56 at ¶ 4.

[17] *Id.* at ¶ 9.

[18] Trustee's Reply, Docket No. 56, ¶¶ 7, 10.

[19] Objection to Homestead, Docket No. 45 at ¶ 11; Trustee's Reply, Docket No. 56 at ¶ 9; Mass. Gen. Laws, ch. 188, § 5 (2010).

5

executed by the trustee of the trust, and the Debtors did not indicate that they were signing the Homestead in their capacity as trustees.[20] Further, the Trustee argues that if the Debtors are attempting to exempt both their life estate interest and any remainder interest they may have in the Property, they cannot do so because no person can claim more than one homestead exemption.[21]

### The Debtors

The Debtors argue that they may validly exempt a fee simple interest in the Property because the Deed did not convey the Property to the Trust, therefore the Debtors still own the Property.[22] According to the Debtors, the Deed's language was too uncertain to convey a fee simple interest, and only conveyed a future interest to the Trust.[23] Further, because the Deed "specifically grants the Debtors the ability to sell the property in fee simple, they could possess no other interest than a fee simple interest."[24]

In the alternative, the Debtors argue that even if the Property is owned by the Trust, they validly exempted their "equitable interest" in the Property.[25] First, the Debtors argue that as holders of a beneficial interest in the Trust, they fall within the Mass. Gen. Laws ch. 183, § 1 definition of "owner" as that phrase is used in Mass. Gen. Laws ch. 188, § 3, which governs the creation of estates of homestead.[26] Second, the Debtors argue that the Homestead fulfills the

---

[20] *Id.*

[21] Objection to Homestead, Docket No. 45 at ¶ 4.

[22] Response, Docket No. 53 at p. 2.

[23] *Id.* at p. 2-3.

[24] *Id.* at 3.

[25] *Id.* at 5.

[26] *Id.*; Mass. Gen. Laws, ch. 188, § 3 (2010).

6

Mass. Gen. Laws ch. 188, § 5 requirement that where a home is owned in trust, the declaration of homestead must be executed by the trustee.[27] The Debtors assert that the Trustee's distinction between persons signing a homestead in their capacity as individuals and in their capacity as trustees is illusory, and does not have supporting statutory authority.[28] Accordingly, it does not matter that the Debtors failed to specifically indicate that they were signing the Homestead in their capacity as trustees.[29]

## IV. DISCUSSION

### A. The Debtors' Interest in the Property

The Debtors assert that the Deed did not convey a fee simple interest in the Property to the Trust, but rather conveyed an unspecified future interest.[30] The Trustee, on the other hand, contends that the Deed successfully transferred ownership of the Property to the Trust, and therefore the Debtors no longer possess a fee simple interest in the Property. I find that despite the confusing language of Deed, it did successfully transfer ownership of the Property to the Trust while reserving a life estate for the Debtors.

The Deed contains a clause (the "Reservation Clause") reserving for the Debtors "the use, income and profits" of the Property "for and during their lifetimes with the right, power and authority to sell, mortgage and convey the whole or any part thereof in fee simple."[31] As the

---

[27] Response, Docket No. 53 at p. 3-4.

[28] *Id.* at 4.

[29] Relying on *In re Rodrigues*, No. 09-11960-JNF, 2010 WL 716192, *4 (Bankr. D. Mass. July 1, 2008), the Debtors also argue that even if the Objection to Homestead is sustained, it will be a fruitless endeavor for the Trustee because when he revokes the Trust to reach the Property, ownership of the Property will return to the Debtors pursuant to the terms of the Trust. *In re Rodrigues* is inapposite on this point. Further, the Trustee expressly states in the Reply that he does not intend to revoke the Trust, merely amend it. Reply, Docket No. 56 at ¶ 11.

[30] Response, Docket No. 53 at p. 3.

[31] Objection to Homestead, Docket No. 45, Exhibit B.

7

Supreme Judicial Court of Massachusetts has held, such language generally creates a life estate.[32] The only reason given by the Debtors for why I should interpret the Reservation Clause as granting more than a life estate is because it gives the Debtors the power to "sell, mortgage and convey" the Property in fee simple. The Debtors' assertion that such rights necessarily preclude the existence of a life estate is incorrect, because the Massachusetts Supreme Judicial Court has held that a life estate can include the power to sell or mortgage the subject property.[33]

In addition to the Reservation Clause, the Deed also contains a clause granting the Trust an interest in the Property (the "Granting Clause"). If the Reservation Clause and extraneous verbiage are excised from the Granting Clause, the Granting Clause states: "…We, [the Debtors,] . . . grant to the said [Trust] . . . *with quitclaim covenants* the [Property]…"[34] A hallmark of a quitclaim deed is that it conveys the grantor's *entire* interest in real property, even if that interest is unspecified in the deed.[35] Here, the Debtors' entire interest in the Property was a fee simple interest. Accordingly, the Deed's language is sufficient to grant a fee simple interest to the Trust. While the placement of the Reservation Clause in the middle of the Granting Clause makes the Deed difficult to decipher, this poor drafting does not change either clause's effect. Therefore, I find that the Deed transferred a fee simple ownership interest in the Property to the Trust, while reserving a life estate for the Debtors. Because the Debtors Amended Schedules A and C improperly reflect their interest in the Property, claiming a fee simple interest rather than a

---

[32] *Hershman-Tcherepnin v. Tcherepnin*, 452 Mass. 77, 87-88 (2008) ("Typically, a conveyance 'to B during his life' or 'to B until his death' . . . will create a life estate in B." (internal quotation marks omitted)).

[33] *See Langlois v. Langlois*, 326 Mass. 85, 85 (1950) (holding that testator's widow had no more than a life estate interest in property, despite the will having granted her the right to sell, mortgage or assign the property during her life).

[34] Objection to Homestead, Docket No. 45, Exhibit B. (emphasis added).

[35] *Black's Law Dictionary* 477 (9th ed. 2009) ("*Quitclaim deed.* A deed that conveys a grantor's complete interest or claim in certain real property but that neither warrants nor professes that the title is valid.").

8

life estate interest, the Objection to the Motions to Amend Schedules is sustained, the order granting the Motion to Amend Schedule A is vacated, and the Motion to Amend Schedule A and Motion to Amend Schedule C are denied.[36]

    B. <u>The Homestead Exemption</u>

The Massachusetts Homestead Statute[37] was drastically revised in 2010, with the new version coming into effect on March 16, 2011. As before, an individual may now obtain homestead protection under either its general provisions or those for elderly or disabled persons (the "Elderly or Disabled Persons Homestead").[38] An Elderly or Disabled Persons Homestead, invoked by the Debtors here, allows every individual who is either over the age of 62 or disabled to protect their interest in their home up to $500,000.[39] However, under the prior law, individuals were unable to exempt either life estate interests or beneficial interests in trusts. That result was changed with the revised Mass. Gen. Laws ch. 188, § 1, by including holders of life estates and beneficial interests in trusts within the definition of "owners" eligible for homestead protection under either the general or elderly or disabled persons provisions of the statute.[40] Accordingly, as the holders of a life estate, the Debtors are now eligible for homestead protection.

---

[36] While I agree with the Trustee that the Debtors only hold a life estate interest in the Property, I find that the original Schedule C exempted no more than a life estate interest. Because the Motion to Amend Schedule C is denied, it is appropriate to overrule the Objection to Homestead.

[37] Mass. Gen. Laws ch. 188, § 1, *et seq.* (2010).

[38] *See* Mass. Gen. Laws ch. 188, §§ 1, 2.

[39] Mass. Gen. Laws ch. 188, § 1.

[40] *See* Mass. Gen. Laws ch. 188, § 1, 5.

9

Concurrent with this change, the revised Mass. Gen Laws ch 188, § 5 established the requirement that where the home in question is owned in trust, the declaration must be executed by the trustee of the trust. Specifically, Mass. Gen. Laws ch. 188, § 5 states in relevant part:

> (a) A declaration of homestead shall be in writing, signed and acknowledged under penalty of perjury by each owner to be benefited by the homestead, except as provided in clause (4), shall be recorded and shall comply with the following: . . . (4) if the home is owned in trust, only the trustee shall execute the declaration.[41]

Here, the Homestead was in writing, signed by the Debtors, acknowledged and recorded.[42] The Trustee argues that because the Debtors did not indicate that they signed the Homestead in their capacity as trustees, it does not comply with Mass. Gen. Laws ch. 188, § 5(a)(4) and is invalid. The Debtors respond that Mass. Gen. Laws ch. 188, § 5 "makes no mention of this formality, and the Supreme Judicial Court has consistently held that the homestead statute should be liberally interpreted in favor of the debtor to protect the family home."[43] I am inclined to agree, and hold that the Debtors' failure to indicate that they were signing as trustees does not invalidate the Homestead. Thus, the Debtors are entitled to homestead protection for their life estate interest beyond the automatic $125,000 homestead exemption provided for in Mass. Gen. Laws ch. 188, §§ 4,[44] and the Objection to Homestead is overruled.

---

[41] Mass. Gen. Laws ch. 188, § 5(a).

[42] Response, Docket No. 53, Exhibit C.

[43] *Id.* at 4. *See Dwyer v. Cempellin*, 424 Mass. 26, 29-30 (1996).

[44] Mass. Gen. Laws ch. 188, § 4 (2010).

## V. **CONCLUSION**

In light of the foregoing, I will enter an order overruling the Objection to Homestead and sustaining the Objection to Motions to Amend Schedules.

_____
William C. Hillman
United States Bankruptcy Judge

Dated: March 14, 2012

Counsel Appearing:

    James M. Liston and Michael P. Vernon, Bartlett Hackett Feinberg, P.C., Boston, MA,
        for Donald Lassman, Chapter 7 Trustee
    John F. Sommerstein, Law Offices of John F. Sommerstein, Boston, MA,
        for Kenneth S. Peirce and Margaret M. Peirce, the Debtors